# UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF TENNESSEE

# NASHVILLE DIVISION

| | | |
|---|---|---|
| FELLOWSHIP BIBLE CHURCH OF WILLIAMSON COUNTY, | ) ) ) | |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | CIVIL NO. _____ |
| Defendant. | ) ) | |

Plaintiff, FELLOWSHIP BIBLE CHURCH OF WILLIAMSON COUNTY, by and through counsel, files this Complaint against Defendant, UNITED STATES OF AMERICA, pursuant to 26 U.S.C. § 7422 for refund and recovery of internal revenue tax, penalties and interest erroneously or illegally assessed and collected.

## THE PARTIES

1. Plaintiff is a Tennessee non-profit, religious corporation that has operated a church since 1997. Plaintiff has two church campuses--one at 210 Franklin Road, Brentwood, Tennessee 37027 and the other at 1725 Columbia Avenue #100, Franklin, Tennessee 37064. The principal office and mailing address of Plaintiff is 1210 Franklin Road, Brentwood, Tennessee 37027. The last four digits of Plaintiff's employer identification number are 0360.

2. Defendant is the United States of America.

## JURISDICTION AND VENUE

3. This is an action pursuant to 26 U.S.C. § 7422 for the refund and recovery of internal revenue tax, penalties and interest erroneously or illegally assessed and collected.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(a)(1).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1).

## BACKGROUND

6. On or about June 16, 2010, Plaintiff received a letter from the Internal Revenue Service (the "IRS") advising Plaintiff of a mismatch between Plaintiff's Form W-3, *Transmittal of Income and Tax Statements*, and Plaintiff's Forms 941, *Employer Quarterly Federal Tax Return*, for all four quarters of calendar year 2007.

7. After receipt of this letter, Plaintiff determined that Plaintiff's originally filed Forms 941 for calendar year 2007 erroneously included pastors' wages as subject to FICA taxes and so Plaintiff erroneously included such wages in the Social Security and Medicare boxes on the originally filed Forms 941.

8. Since pastors are only employees for income tax purposes (but not for FICA purposes), and their wages are not subject to FICA taxes, the amount Plaintiff reported on its originally filed Forms 941 as being withheld from pastors' salaries as FICA withholding should have been reported and included as additional federal income tax withholding on Plaintiff's Forms 941.

9. The Forms W-2 for calendar year 2007 furnished to Plaintiff's employees and to the Social Security Administration were correct, reporting the employee and employer's share of Social Security and Medicare taxes for pastors as income tax withholding.

10. Plaintiff had timely and correctly paid required income tax withholding for it employees to the government.

11. Plaintiff corrected its mistake and, thus, the mismatch between its Forms W-2 and its originally filed Forms 941 by timely filing with the IRS on or about July 13, 2010, Forms 941-X for all four quarters of 2007, increasing the amount of the income tax withheld and decreasing the amount of Social Security and Medicare taxes. A true and correct copy (redacted for privacy protection) of these Forms 941-X that were filed with the IRS in 2010 (the "2007 Forms 941-X") are included as Exhibits C-1 through C-4 to Plaintiff's Claim for Refund, which is described in Paragraph 15 below and which is itself attached as Exhibit A to this Complaint.

12. The IRS erroneously and improperly failed to process Plaintiff's 2007 Forms 941-X. Instead, the IRS took into account the increases in income tax withheld reported by Plaintiff on its 2007 Forms 941-X without taking into account the decreases to Social Security and Medicare taxes also reported by Plaintiff on its 2007 Forms 941-X.

13. Based on its error in failing to take into account adjustments in favor of Plaintiff for Social Security and Medicare taxes originally reported by Plaintiff on its originally filed Forms 941 for calendar year 2007 but corrected on Plaintiff's 2007 Forms 941-X, on or about April 4, 2011, the IRS erroneously or illegally assessed $116,298.79 against Plaintiff for an alleged deficiency in federal income tax withholding for the fourth quarter of calendar year 2007.

14. There was no deficiency in Plaintiff's income tax withholding for its employees. Plaintiff properly withheld federal income tax in 2007 from its employees in the aggregate amount of $279,722.60 and paid such amount as federal tax deposits over all four quarters of calendar year 2007 as Plaintiff paid wages to both its pastors and non-pastor employees.

3
Case 3:25-cv-00279    Document 1    Filed 03/10/25    Page 3 of 7 PageID #: 3

15. Plaintiff made numerous attempts to have the IRS correct its error in making an improper, erroneous and illegal assessment of allegedly underpaid federal income tax withholding. In 2016, IRS Revenue Officers handling Plaintiff's case agreed that the tax assessment against Plaintiff was in error and should be abated, one noting "didn't mail final demand as this taxpayer does not owe balance" and "there is no need to do a field visit since adjustment should have been previously done. . . This account will not have a balance due."

16. In 2021, the IRS filed tax liens against Plaintiff, and it demanded payment of $203,619.47 based on its erroneous and illegal underlying assessment in the amount of $116,298.79 that the IRS had made approximately ten years earlier on or about April 4, 2011.

17. On February 8, 2021, Plaintiff paid $203,619.47 to the IRS in payment of the underlying assessment of tax, plus interest and penalties.

18. The underlying assessment against Plaintiff was erroneous and illegal.

19. On January 12, 2023, Plaintiff filed a claim for refund, *Form 941-X*, with the IRS in the aggregate amount of $203,619.47, the amount it had been compelled to pay on February 8, 2021 ("Claim for Refund"). A true and correct copy (redacted for privacy protection) of Plaintiff's Claim for Refund is attached hereto as Exhibit A to this Complaint. Plaintiff incorporates herein by reference the averments of Plaintiff's Claim for Refund.

20. Plaintiff's Claim for Refund was filed with the IRS within two (2) years from the date of payment of the tax, and, thus, Plaintiff's Claim for Refund was timely filed.

21. The IRS received Plaintiff's Claim for Refund on January 13, 2023.

22. The IRS disallowed Plaintiff's Claim for Refund in full by its letter designated as LR 105C and dated March 20, 2023.

23. The IRS' stated reason for disallowing Plaintiff's Claim for Refund was as follows: "The received date on your return is March 8, 2008. The last day to file a timely claim or return for tax year 2007 was Apr. 15, 2011. We can't allow your claim or return because the received date is after the deadline."

24. On April 6, 2023, Plaintiff submitted a formal written protest of the IRS' disallowance of Plaintiff's Claim for Refund disputing such disallowance and stating that Plaintiff wanted to appeal to the IRS Office of Appeals.

25. In its formal written protest, Plaintiff noted that Section 6511(a) of the Internal Revenue Code of 1986, as amended (the "Code") provides in relevant part that "Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, <u>whichever of such periods expires the later</u>, or if not return was filed by the taxpayer, within 2 years from the time the tax was paid" (emphasis added).

26. The tax with respect to which Plaintiff claimed a refund for overpayment was paid on February 8, 2021.

27. Plaintiff's Claim for Refund dated January 11, 2023, was received by the IRS on January 13, 2023, which is within 2 years from the date the tax was paid.

28. As of the date of this filing, Plaintiff has received no correspondence or other contact from the IRS Office of Appeals to either schedule a conference with Plaintiff or to discuss Plaintiff's case.

5

Case 3:25-cv-00279   Document 1   Filed 03/10/25   Page 5 of 7 PageID #: 5

## CAUSE OF ACTION

## COUNT I

29. Plaintiff hereby adopts and restates the allegations set forth in Paragraphs 1 through 28 of this Complaint as if fully stated herein.

30. Plaintiff timely filed its Claim for Refund claiming a refund of taxes, penalties and interest paid by Plaintiff for calendar year 2007 in the amount of $203,619.47.

31. Defendant has refused and continues to refuse to refund the taxes, penalties and interest claimed by Plaintiff, and for the reasons set forth in their Claim for Refund, Plaintiff is entitled to and hereby demands judgment against Defendant for the full amount of $203,619.47, or such greater amount as is legally refundable, plus interest and costs as provided by law.

## PRAYER FOR RELIEF

Plaintiff Fellowship Bible Church of Williamson County respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff Fellowship Bible Church of Williamson County against Defendant United States of America in the amount of $203,619.47, or such greater amount as is legally refundable, plus interest and costs as allowed by law;

2. Award Plaintiff Fellowship Bible Church of Williamson County its reasonable litigation costs incurred in bringing this proceeding, pursuant to 26 U.S.C. § 7430; and

3. Award such other and further relief in favor of Plaintiff Fellowship Bible Church as this Court deems just and appropriate.

Respectfully submitted,

*/s/ Daniel P. Smith*
Daniel P. Smith (BPR 006830)
DPS Legal Counsel
1616 Westgate Circle
Brentwood, TN 37027
Telephone: 615.467.6380
dansmith@dpslegalcounsel.com

*Attorney for Plaintiff Fellowship Bible Church of Williamson County*